CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 28 2015

JULIA C. DUDLEY, CLERK
BY: /s/ 
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 5:07CR00063-018 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| JOSE LUIS JAIME PEREZ, | ) |
| | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

This case is presently before the court on the defendant's motion for reduction in sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. For the following reasons, the motion must be denied.

The defendant, Jose Luis Jaime Perez, was convicted, following a jury trial, of conspiracy to manufacture, distribute, and possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846. The court initially sentenced the defendant to a term of imprisonment of 262 months. The defendant appealed his sentence to the United States Court of Appeals for the Fourth Circuit. On November 2, 2011, the Fourth Circuit reversed the defendant's sentence because the court failed to make the necessary findings to support a two-level obstruction of justice enhancement, and remanded the case for resentencing. On remand, the court reassessed the obstruction of justice enhancement that it had previously imposed. The court determined that the defendant had a total offense level of 38 and a criminal history category of II, which resulted in a guideline range of imprisonment of 262 to 327 months. The court varied downward from the advisory guideline range and imposed a 168-month term of imprisonment.

Pursuant to its statutory authority, the United States Sentencing Commission has amended the Drug Quantity Table in § 2D1.1 of the Sentencing Guidelines, which provides the base offense

levels for most federal controlled substance offenses (Amendment 782). The Sentencing Commission has further decided that, effective November 1, 2015, the amended guideline provisions will apply retroactively to defendants who were sentenced under prior versions of the guidelines and who are still incarcerated. The practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving controlled substances may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

Under § 3582(c)(2), a defendant is eligible for a sentence reduction if: (1) the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) such reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) "requires the court to follow the Commission's instructions in § 1B1.10 [of the Sentencing Guidelines] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Dillon v. United States, 560 U.S. 817, 827 (2010). Section 1B1.10(b) directs the court to begin "by determin[ing] the amended guideline range that would have been applicable to the defendant" if the relevant amendment had been in effect at the time the defendant was sentenced. § 1B1.10(b)(1). "In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Id.

Section 1B1.10(b) also limits the extent of the reduction authorized. It states that courts "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ." § 1B1.10(b)(2)(A). The only exception to this rule is if the court previously imposed a term of imprisonment below the applicable guideline range pursuant to a

2

substantial assistance motion filed by the government. § 1B1.10(b)(2)(B). In such cases, the court may impose a term that is "comparably" below the amended range. Id.

In this case, the defendant has a total offense level of 36 under the amended guidelines. When combined with a criminal history category of II, this results in an amended guideline range of imprisonment of 210 to 262 months. Thus, Amendment 782 has the effect of lowering the defendant's applicable guideline range. Nonetheless, the defendant is not eligible for a sentence reduction, since he already received a term of imprisonment that is lower than the amended guideline range. Because the existing below-guideline sentence of 168 months was not the result of a motion for substantial assistance by the government, a reduction from that sentence is not permitted under § 1B1.10(b)(2). See, e.g., United States v. Pierre, No. 14-15694, 2015 U.S. App. LEXIS 9493, at *5 (11th Cir. June 8, 2015) ("The current version of subdivision (B) [of § 1B1.10(b)(2)] is the one courts must apply, and it prohibits reducing a sentence below the amended guideline range except when the defendant was originally given a below-guideline sentence for substantial assistance."); United States v. Jones, No. 1:08CR00040, 2015 U.S. Dist. LEXIS 50409, at *3 (W.D. Va. Apr. 16, 2015) (Jones, J.) ("Because the bottom of the amended guideline range is higher than Jones' original sentence, § 1B1.10(b)(2) precludes a sentence reduction in this case.").

For these reasons, the defendant's motion for reduction in sentence based on Amendment 782 must be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 28th day of September, 2015.

/s/ Joel C. Conrad
Chief United States District Judge